UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., et al.,

                            Plaintiffs,

-v-

CITY OF NEW YORK, et al.,

                            Defendants.

18 Civ. 5792 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       The Court has received a letter from plaintiffs asserting that defendants have failed to produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) and requesting a pre-motion conference to compel the production of such a witness, Dkt. 52, as well as defendants' letter in reply, Dkt. 54. The Court has also received defendants' letter requesting an extension of the discovery deadlines, Dkt. 53, and plaintiffs' letter in opposition to that request, Dkt. 55.

       The Court turns first to defendants' request for an extension of the discovery deadlines. Defendants request a 90-day extension of the fact discovery deadline to adequately complete document production, including the review and production of Electronically Stored Information ("ESI"). They request 60 days to review approximately 65,000 documents and an additional 30 days to provide for the deposition of witnesses after the completion of document review. Plaintiffs oppose this request, arguing that the extension sought is unwarranted and that defendants have proceeded at an unreasonably slow pace throughout discovery. They concede that an extension is necessary but instead move for a 30-day extension. Plaintiffs also state that they "seek to move to compel certain productions" on this abbreviated timeline. Dkt. 55 at 1.

Based on defendants' representation that they expect to have to review approximately 65,000 documents, the Court agrees that an extension of the discovery deadline is in order. However, the requested 90-day extension is excessive, particularly in light of the apparently slow pace at which discovery has proceed thus far. The Court therefore extends the fact discovery deadline by 60 days, from March 8, 2019 to May 7, 2019. The Court further extends the expert discovery deadline from May 22, 2019, to June 21, 2019. The parties should not expect further extensions of this deadline.

Plaintiffs, in their letter opposing defendants' extension request, also argue that defendants have, as yet, failed to produce various documents. Specifically, plaintiffs argue that defendants have (1) not yet produced meaningful information on various relevant topics of inquiry; (2) produced metadata that is "not in accordance" with the parties' ESI stipulation; (3) not yet responded to plaintiffs second set of interrogatories; and (4) not yet disclosed whether they will retain an expert. Dkt. 55 at 2–3.

With respect to plaintiffs' request regarding expert witnesses, the Court directs defendants to promptly inform plaintiffs whether defendants intend to retain such an expert, and if so, to identify that expert. As to plaintiffs' other requests, it is unclear whether defendants in fact oppose plaintiffs' requests or whether defendants merely have not yet acted on those requests.[1] Defendants have not offered any legal objections to plaintiffs' requests before this

---

[1] Plaintiffs argue that "Defendants objected and refused to respond to Plaintiffs' Second Set of Interrogatories . . . . Defendants claim that these interrogatories are 'improper and premature' pursuant to Local Rule 33.3(a) because they were served prior to the 'conclusion of other discovery.'" Dkt. 55 at 3. Plaintiffs represent that they "sought to clarify Defendants' position on whether they are categorically refusing to answer the interrogatories or planning to amend once document production has taken place, but Defendants were seemingly unsure of whether they had any intention of amending and could not provide a position." *Id.* Defendants should promptly clarify whether they are categorically objecting to plaintiffs' Second Set of Interrogatories. If so, and if the parties are unable to resolve this dispute, the parties should each

Court. In light of the extension of the discovery deadlines, to the extent that plaintiffs are seeking to compel production of responsive documents, the Court denies these requests without prejudice as premature. The Court expects that defendants will use the extended discovery period to work expeditiously and in good faith to produce documents responsive to plaintiffs' request. If defendants do object to any of plaintiffs' requests and the parties are unable to resolve such disputes, the Court will consider discrete discovery disputes as they arise.

The Court turns next to the parties' dispute concerning the production of a Rule 30(b)(6) witness. Plaintiffs represent that they served their Rule 30(b)(6) notice to defendants on January 15, 2019 and outlined several topics of inquiry. On January 18, 2019, defendants responded that they would not agree to produce a Rule 30(b)(6) witness until after the completion of document review and production. Plaintiffs argue that further document production is unnecessary to enable an effective deposition, particularly given that, in plaintiffs' view, the pace of document production has been unreasonably slow. Plaintiffs also argue that further delay in the scheduling of a Rule 30(b)(6) witness deposition threatens to deprive them of their right to depose such a witness.

Defendants do not contest plaintiffs' right to a Rule 30(b)(6) witness. Instead, they argue that because they have an obligation to prepare any Rule 30(b)(6) witness to be knowledgeable about facts outside the scope of his or her personal knowledge, such a deposition would be more fruitful if it were conducted after the completion of document discovery.

Plaintiffs' request for a pre-motion conference or an order compelling the prompt scheduling of a Rule 30(b)(6) witness is denied without prejudice. Plaintiffs' Rule 30(b)(6)

---

file a letter, consistent with the Court's individual rules, setting forth their respective positions on the dispute.

notice outlined several topics of inquiry, including the number, design, and location of existing Accessible Pedestrian Signal ("APS") units; information and policies related to the installation and upgrade of such units; municipal policies and practices with respect to citizen complaints; APS-related outreach; the municipal budget for the APS program; and facts underlying defendants' affirmative defenses.  Given the scope of the anticipated Rule 30(b)(6) deposition, and in light of defendants' obligation to adequately prepare a Rule 30(b)(6) witness, the Court agrees with defendants that a Rule 30(b)(6) deposition would be more fruitfully conducted after the completion of document production.  To ensure adequate time to complete a 30(b)(6) deposition, and as stated above, defendants are directed to work with dispatch to complete the document production and review process.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 6, 2019
    New York, New York