

California Office
2001 Center Street, 4th Floor
Berkeley, CA  94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
www.dralegal.org

New York Office
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636
www.dralegal.org

November 18, 2019                *Via ECF*

Judge Paul E. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *American Council for the Blind, et al., v. The City of New York, et al.*, Case No. 18-CV-5792 (PAE) (BM)

Judge Engelmayer:

      We write in opposition to Defendants' motion for authorization to cross-move for summary judgment nearly five months past their deadline to do so. Defendants do not articulate the factual or legal basis of the proposed motion, nor any reason for the delay, to the continued severe prejudice of Plaintiffs.

      First, Your Honor's Individual Rule 3(H) states clearly that any request to move for summary judgment must be made within 14 days of the close of fact discovery, which was on June 28, 2019. The deadline to move was July 12, 2019, and this request is more than eighteen weeks late.[1] Your Honor's rule is echoed in this matter's scheduling order: "Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery." Scheduling Order ¶ 8. A motion filed outside the deadlines set in a scheduling order can be denied on that ground alone. *Kinberg v. Colorforms*, No. 89 CIV. 1156 (PKL), 1991 WL 285621, at *4 (S.D.N.Y. Dec. 31, 1991); *Oakes v. Trustees of Columbia Univ. in City of New York*, No. 87 CIV. 8283 (WK), 1988 WL 132890, at *3 (S.D.N.Y. Dec. 6, 1988) (citing circuit cases).

Second, as a matter of equity, Plaintiffs would be severely prejudiced by this late application as we were not on notice that Defendants intended to move for summary judgment. Defendants have now had Plaintiffs' pre-motion letter for eighteen weeks as well as our motion for almost four weeks to help develop their theory of liability and the factual basis for it. Plaintiffs have been afforded no similar advantage. More importantly, all that has transpired since the deadline has passed for pre-motion letters, including the negotiation of the joint statement of facts and the drafting of our motion, was done

---

[1] To the extent Defendants contend that the trigger date should have been the close of expert discovery—a proposition unsupported by either the Court's Individual Rule, the matter's scheduling order, or the pre-motion conference this Court held in July—that closed on September 11, 2019. This request would therefore still be more than nine weeks late.

without us knowing about Defendants' plans to cross-move. The fact that Defendants planned to move for summary judgment would have impacted negotiations over the 197 joint stipulated facts, strategic decisions for how to put forward our own legal argument, and perhaps even the timing of the motions considering that Defendants typically move first. Finally, we would not have consented to the briefing schedule if our reply, currently due December 19, 2019, would need to serve as a full opposition to a cross-motion.

Defendants' interpretation of events strains credulity. An opposition to a motion is an entirely different legal submission than an independent cross-motion. Your Honor noted at the pre-motion conference on July 22, 2019: "I am not hearing a defense motion for summary judgment," Tr. at 16:9-10, and set out a briefing schedule "insofar as plaintiff is going to be the sole movant here, I will give the plaintiff a certain period of time to submit a fulsome set of facts that they believe are not disputed to the defense." Tr. at 32:13-16. Defendants did not once correct this assumption for Plaintiffs or the Court at the pre-motion conference, at any point while the parties negotiated the Joint Statement of Facts, or at any point in the nearly five months since.

In sum, Defendants offer no cause—good or otherwise—for their delay, and Plaintiffs would be prejudiced if we were forced to oppose a cross-motion. For these reasons, we respectfully request that the Court deny Defendants' request to cross-move for summary judgment at this late juncture.

Respectfully submitted,
_____/s/_____
Torie Atkinson
Disability Rights Advocates

*Attorneys for Plaintiffs*