

California Office
2001 Center Street, 4th Floor
Berkeley, CA  94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
www.dralegal.org

New York Office
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636
www.dralegal.org

October 30, 2020

Via ECF

Judge Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *American Council for the Blind, et al., v. The City of New York, et al.*, Case No. 18-CV-5792 (PAE) (BM)

Hon. Judge Engelmayer:

Plaintiffs write jointly on behalf of all Parties pursuant to the Court's October 20, 2020 Order, ECF No. 127, that the parties meet and confer as to the "next steps in, and future trajectory of, this case."

**Plaintiffs' Position**

It is Plaintiffs' position that since the Court has already identified the lack of APS as the barrier to meaningful access, Defendants must at minimum prepare a transition plan to remedy that lack of access over a reasonable period of time. Plaintiffs are prepared to put forward evidence of safety risks to affected class members where there is a lack of APS at an intersection. Because of the sheer number of inaccessible intersections that must be remedied, Plaintiffs suggest that rather than slice and dice which intersections must be made accessible without respect to cost as compared to the programmatic access threshold, Defendants develop a transition plan for NYC as a whole. Plaintiffs are therefore willing to forego additional summary judgment briefing if Defendants commit to a citywide transition plan for maximal accessibility over some period of time, which would give Defendants the most flexibility in how to remediate these barriers and enable Defendants to prioritize intersections with the greatest need for APS. A global settlement under such a citywide transition plan also has the benefit of addressing new and altered intersections for which liability is attached without regard to cost.[1]

---

[1] Aside from APS installations, Plaintiffs also seek that any settlement agreement address the need for Defendants to: 1) develop and implement appropriate policies regarding the installation of APS and other accessibility features for all new and altered intersections; 2) develop and implement policies and procedures related to maintaining APS and prioritization of APS installation; 3) engage in periodic check-ins with experts in the industry to assess any potential technological advances in either APS or alternatives; and 4) agree to post-settlement monitoring and compliance.

In the interest of resolving this litigation, Plaintiffs are willing to engage in good faith settlement discussions with the assistance of Magistrate Judge Moses or a pro bono mediator for a period of 60 days to determine whether the parties can resolve these issues through settlement rather than through the Court. Plaintiffs therefore ask that the Court not schedule at this time but leave open Plaintiffs' ability to renew its summary judgment motion as to specific SIPs and Capital Projects in the event the parties are unable to productively resolve this matter through settlement. Plaintiffs propose mid-December for an initial meeting with a magistrate judge or mediator so that parties have time to exchange factual information and determine as to what issues the parties would most benefit from outside assistance.

**Defendants' Position**

It is Defendants' position in the interest of resolving this litigation that the parties engage in good faith settlement negotiations before either a pro bono mediator, court-appointed mediator, or the Magistrate Judge. We wish to have a reasonable period of time to locate a pro bono mediator, if possible, but in the alternative have agreed to settlement discussions with a court-appointed mediator or the Magistrate Judge if she is available. We have made this proposal to Plaintiffs and they seem amenable to proceeding in this fashion. Additionally, in order to ascertain what is possible under the current fiscal circumstances as well as operationally, we need time to liaise with various City agencies. Defendants agree that mid-December would be an appropriate timeframe for an initial settlement conference before a Judge or mediator.

We have asked Plaintiffs' counsel if they plan to renew their motion for partial summary judgement as to Street Improvement Projects ("SIPs") and Capital Projects on an intersection-by-intersection basis and they have advised that they would be willing to forego such motion practice if the parties can reach a reasonable settlement.

In conclusion, the parties jointly seek a stay of this litigation for 60 days to engage in settlement discussions with the assistance of either Magistrate Judge Moses or, if identified, a pro bono or court-appointed mediator, including a stay of any potential renewal of Plaintiffs' motion for partial summary judgment as to SIPs and Capital Projects pending the outcome of these settlement discussions.

Sincerely,

*Torie Atkinson*

The Court appreciates the parties' efforts to resolve the remaining issues in this case collegially, and grants the joint request for a stay pending their settlement negotiations. All litigation activity in the case is hereby stayed until Wednesday, December 30, 2020, to enable the parties urgently to pursue a mediated settlement. The Court directs the parties to submit a joint status letter within 30 days of the issuance of this order, and again on December 30, 2020. This stay should be sufficient to enable the parties to resolve this matter, if a resolution is attainable. The parties should not expect further extensions.

If a resolution has not been reached by December 30, 2020, the parties should propose in their joint letter of that day an expedited schedule for resolving issues of liability regarding the open claims in this case and the remedy warranted for the claims on which the Court has entered summary judgment as to liability. In the event the parties would like the Court to renew its reference of this matter to Magistrate Judge Moses for settlement purposes, the Court stands ready to do so upon a joint application from the parties.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

November 2, 2020