UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., MICHAEL GOLFO, and CHRISTINA CURRY, *on behalf of themselves and all others similarly situated*,<br><br>                                    Plaintiffs,<br><br>                        -v-<br><br>THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, ERIC ADAMS, *in his official capacity as Mayor of the City of New York*, and YDANIS RODRIGUEZ, *in his official capacity as Commissioner of the New York City Department of Transportation*,<br><br>                               Defendants. | 18 Civ. 5792 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the parties' joint proposed remedial order and attachments. *See* Dkt. 200.[1] The Court finds the order thorough, detailed, thoughtful, and clear, and commends counsel for the parties, and for the United States, for collaborating to prepare it.

      The Court commends counsel, too, for arriving at a joint recommendation as to an independent monitor. The Court's intention is, in short order, to arrange to meet with Mr. Schilling, with the hope of confirming his suitability to serve in that capacity.

---

[1] Eric Adams, who became Mayor of New York on January 1, 2022, and Ydanis Rodriguez, who became Commissioner of the New York City Department of Transportation the same day, are hereby substituted as the defendants in this action in place of Bill de Blasio and Henry Gutman, respectively, pursuant to Fed. R. Civ. P. 25(d).

The Court has identified the following three areas in which the proposed order requires modest modification. The Court directs counsel to promptly again confer, and, by Friday, March 11, 2022, to submit a revised order accommodating these changes.

1. *The City's pursuit of APS funding*: The Court expects the City energetically to pursue all sources of funding that could support the installation of APS consistent with the remedial plan. The Court's Opinion and Order set out, in detail, numerous potential federal funding sources. *See* Dkt. 194 at 64–67. In the event that the City contends during the life of the remedial plan that it has become financially incapable of meeting its obligations so as to warrant modification of the plan, *see id.* at 89, the Court would expect the City to demonstrate, *inter alia*, that it has consistently and capably pursued all potential funding sources. The City's inability to so demonstrate would weigh heavily against any application for modification on this ground. The Court asks counsel to modify the proposed remedial order to incorporate this concept; to require the City to designate a "point person" to be responsible for assuring the City's comprehensive pursuit of funding to support installation of APS; and to provide for regular reporting to the independent monitor, and by the monitor to the Court, with respect to the City's efforts to pursue funding.

2. *Paragraph 27*: This paragraph, as written, is not sensible as part of a proposed forward-looking order, because it describes activities by counsel that have already occurred. The Court asks counsel to revise this paragraph to reflect the historical fact that the parties conferred as directed in the Court's Opinion and Order and jointly suggested a particular person, Mr. Schilling, to serve as the monitor.

3.  *Monitor—absence of conflicts*:  Consistent with Federal Rule of Civil Procedure 53 relating to the appointment of masters, the Court expects that, prior to appointment, the independent monitor will file an affidavit disclosing whether there is any ground for his or her disqualification.  *See* Fed. R. Civ. P. 53(b)(3)(A).  The Court asks counsel to modify the proposed remedial order to incorporate this concept.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 25, 2022
        New York, New York

3