**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., MICHAEL GOLFO, and CHRISTINA CURRY, *on behalf of themselves and all others similarly situated*,

                Plaintiffs,

v.

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, ERIC ADAMS, *in his official capacity as Mayor of the City of New York*, and YDANIS RODRIGUEZ, *in his official capacity as Commissioner of the New York City Department of Transportation*,

                Defendants.

Case No. 18 Civ. 5792 (PAE)

[~~PROPOSED~~] ORDER REGARDING MONITOR PAYMENT AND COMPENSATION

---

      **WHEREAS**, on March 3, 2022, the Court entered an order (Dkt. No. 202) approving the parties' joint nomination of Andrew W. Schilling to serve as Independent Monitor in this matter; and

      **WHEREAS**, on March 18, 2022, the Court entered a Remedial Order (Dkt. No. 208) ("Remedial Order"), which addressed, among other things, the duties and responsibilities of the Independent Monitor; and

      **WHEREAS**, pursuant to paragraph 37 of the Remedial Order, "[a]ll reasonable fees and expenses incurred by the Independent Monitor, including any reasonable expenses incurred due to engaging any experts, consultants, accountants, or other additional qualified staff as is reasonably necessary to fulfill their duties and evaluate compliance with this Order, shall be paid by Defendants as authorized through periodic fee applications to the Court in accordance with the Independent Monitor's approved budget"; and

**WHEREAS,** paragraph 37 of the Remedial Order further provides for the Independent Monitor and Defendants to "draft an Order setting forth the terms and details of payment for fees and expenses and submit same to the Court for approval;" and

**WHEREAS,** the Independent Monitor and Defendants, having conferred regarding the terms and details of payment for the Independent Monitor's fees and expenses, have submitted proposed terms and details to the Court for its consideration.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the following terms shall govern the compensation and payment of the Independent Monitor, his staff, and any other professionals engaged by the Independent Monitor in accordance with the Remedial Order:

1. **Submission of Itemized Statements.** The Independent Monitor shall submit to the Court and the City every sixty (60) days an itemized statement of fees and expenses incurred by the Independent Monitor in connection with the Remedial Order, with the first such statement covering the period from March 3, 2022 through April 30, 2022.

2. **Payment.** Absent timely objection by the City in accordance with Paragraph 3, the City of New York is directed to pay the Independent Monitor's itemized billing statements within sixty (60) calendar days after receipt. In the event of a timely objection by the City in accordance with Paragraph 3 below, the City shall timely pay any undisputed portion of the itemized statement and may withhold payment of the disputed portion pending resolution of the dispute.

3. **Objections and Disputes.** If the City objects to all or any portion of any itemized statement submitted by the Independent Monitor, it shall submit a written objection to the Independent Monitor and Plaintiffs within two weeks after receipt of the statement. The City's objection shall specify the particular item or item to which objection is made and the

City's basis for the objection. The Independent Monitor and the City shall thereafter expeditiously meet and confer in an effort to resolve the City's dispute informally. If the parties resolve the dispute, the agreed-upon amount of the disputed portion shall be paid within twenty (20) days of such resolution. If the Independent Monitor and the City are unable to resolve the dispute, they shall notify the Court that there is a fee dispute that could not be resolved. If the parties are unable to resolve the dispute, the Independent Monitor may request Court approval of any fees and expenses to which the City has objected.

4.  **Hours in Excess of 1,500 Per Year.** In the event the total hours billed by the Independent Monitor and his staff exceed 1,500 in any single calendar year, the City shall be deemed to have objected to the hours in excess of 1,500 without the necessity of a timely written objection, and the City shall not be obligated to pay for the hours in excess of 1,500 absent an order of the Court upon application by the Independent Monitor. The Independent Monitor may apply to the Court for approval of statements that include hours in excess of 1,500, and the Court may approve such invoices if the hours expended appear to have been reasonably necessary for the Independent Monitor to fulfill his duties and responsibilities under the Remedial Order.

5.  **Hourly Rates.** The professional fees of the Independent Monitor and his staff, which includes overhead and fixed expenses, are approved as follows:

| | |
|---|---|
| Independent Monitor (Andrew Schilling) | $750 per hour |
| Counsel (Megan Whitehill) | $675 per hour |
| Senior Associates | $550 per hour |
| Junior Associates | $400 per hour |
| Other Legal Staff (including paralegals) | $240 per hour |

The foregoing hourly rates will not decrease or increase during the initial five-year term of the Independent Monitor. The Independent Monitor shall maintain records of all time spent on the matter, identifying tasks performed in increments of 1/10th of an hour.

6. **Costs and Expenses.** The City shall also reimburse the Independent Monitor for all costs and expenses reasonably incurred by the Independent Monitor in connection with his duties and responsibilities under the Remedial Order. The Independent Monitor shall itemize all such costs and expenses on the statements submitted to the Court in accordance with Paragraph 1, and shall maintain records supporting all such expenditures, including receipts.

7. **Engagement of Other Professionals and Qualified Staff.** If the Independent Monitor determines that it is reasonably necessary to exercise his authority under Paragraph 34 of the Remedial Order to engage any "experts, consultants, accountants, or other qualified staff," he shall provide advance written notice to the Parties and, if requested, shall meet and confer regarding the need for the engagement and the terms of the engagement. Itemized billing statements for the fees and expenses of such experts, consultants, accountants, or other qualified staff shall be submitted and paid in accordance with the procedures set forth in Paragraphs 1-3 above. Compensation for any expert, consultant, accountant, or other qualified staff engaged in accordance with Paragraph 34 for hours in excess of 500 hours per calendar year or at a rate in excess of $500 per hour shall require Court approval.

8. **Protection from Liability.** As an agent and officer of the Court, the Independent Monitor and those working at his direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

So Ordered:

*Paul A. Engelmayer*

Honorable Paul A. Engelmayer
United States District Judge

Dated: **APRIL 20, 2022**