UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., MICHAEL GOLFO, and CHRISTINA CURRY, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs,*<br><br>v.<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, ERIC ADAMS, *in his official capacity as Mayor of the City of New York*, and YDANIS RODRIGUEZ, *in his official capacity as Commissioner of the New York City Department of Transportation*,<br><br>*Defendants.* | 18 Civ. 5792 (PAE)<br><br>ORDER |

WHEREAS, the Remedial Order (ECF No. 208) requires the City to install accessible pedestrian signals ("APS") in accordance with the technical specifications of the Manual on Uniform Traffic Control Devices ("MUTCD") or any succeeding standards, regulations, or changes in the law setting forth the required specifications; and

WHEREAS, the Remedial Order requires the Independent Monitor to assess the City's compliance and authorizes the Independent Monitor to recommend improvements in the implementation of the Remedial Order and corrective action to achieve compliance; and

WHEREAS, in his Second Annual Report (ECF No. 267), the Independent Monitor, in addition to finding that the City substantially exceeded its annual APS installation targets for 2023, also found that (1) the City installed some APS in 2023 in a manner that did not comply with the MUTCD; and that (2) the City does not have an effective program in place to ensure such compliance; and

WHEREAS, the Independent Monitor made specific recommendations to improve the implementation of the Remedial Order and to achieve compliance.

THEREFORE, having reviewed the Second Annual Report, the Court amends the Remedial Order as follows:

1. Paragraph 4 of the Remedial Order, relating to MUTCD compliance, is amended to designate the first sentence as Paragraph 4(A) and to add the following new provision as 4(B):

The City may install two APS on a single pole or within 10 feet of each other only where there are physical constraints at the location that render it structurally impracticable or technically infeasible to provide a 10-foot separation between the two APS. The City shall maintain contemporaneous documentation sufficient to demonstrate how such physical constraints rendered it structurally impracticable or technically infeasible to provide a 10-foot separation between the two APS, as well as any other factors specific to the intersection that informed the exercise of engineering judgment in the placement of APS at the intersection. The City may rely upon "engineering judgment," as that term is defined in the MUTCD, to deviate from MUTCD Guidance, including MUTCD 4I.05(07), only after it has adopted and shared with the Independent Monitor and Plaintiffs written "procedures and criteria established by an engineer" to be applied in the exercise of such engineering judgment. MUTCD 1C.02(76).

2. Paragraph 4 of the Remedial Order, relating to MUTCD compliance, is also amended to add the following new Paragraph 4(C):

The City shall promptly establish and implement an APS compliance program that proves effective at ensuring that APS are installed and maintained in compliance with the MUTCD and any succeeding standards, regulations, or changes in the law setting forth the required specifications. An effective compliance program in this context is one that contains at least the following material elements:

- A. An effective, on-site inspection system to assess, at the time of installation, whether each APS unit has been installed and programmed in compliance with the MUTCD;

- B. A periodic, post-installation inspection program that is effective to identify maintenance and programming issues that arise post-installation and confirm continued compliance with the MUTCD;

- C. An effective system to solicit, compile, analyze, and generate reports on complaints and repair requests made by members of the public with regard to existing APS installations; and

- D. An effective system to promptly repair and correct the maintenance and compliance issues identified by members of the public and the City's own inspectors.

3. Paragraph 25 of the Remedial Order, relating to the pursuit of funding for the APS program, is amended to add the following provision:

The City shall energetically pursue adequate funding for DOT's APS compliance program, including its inspection and maintenance programs and the systems necessary to support those programs.

4. Paragraph 27 of the Remedial Order, relating to DOT point persons, is amended to add the following provision:

Defendants shall also appoint and maintain a single point person within DOT with responsibility for MUTCD compliance, including responsibility for the establishment and implementation of an effective APS compliance program.

5. Paragraph 29(f) of the Remedial Order, relating to information provided to the Independent Monitor, is amended to add a new Paragraph 29(f)(iv):

The City's efforts to pursue funding to support its APS compliance programs, including APS inspection and maintenance programs.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 15, 2024
　　　　New York, New York