UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., *et al.*,

Plaintiffs,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

18 Civ. 5792 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the third annual report of monitor Andrew W. Schilling, Esq., covering the calendar year 2024. Dkt. 299 (the "Report"). The Court commends the monitor and his staff for their characteristically thorough, perceptive, and valuable report.

The Court also commends New York City and its Department of Transportation (together, "the City") on the impressive progress it made during 2024 towards implementing the Court's remedial decision, *Am. Council of the Blind of N.Y., Inc. v. City of New York*, 579 F. Supp. 3d 539 (S.D.N.Y. 2021), as implemented by the Court's Remedial Order, Dkt. 208. Among the City's many accomplishments in 2024, it installed accessible pedestrian signals (APS) at fully 855 signalized intersections. That figure far exceeded the target (of 700 intersections) that the Court had set for 2024. This marked the third consecutive year in which the City has exceeded the annual target set by the Court. Between 2022 and 2024, the City has installed APS at 2,261 intersections, exceeding its three-year target of 1,600 by 41%, and making the City's pedestrian grid measurably more accessible to the blind and visually impaired. The Report chronicles other achievements by the City in 2024, including its high level of responsiveness to public requests for the installation of APS at particular intersections.

The Report, however, has an important caveat. It describes and documents significant—and recurrent—compliance shortcomings. These broadly concern the placement, mounting, and operability of APSs. *See* Report at 73–77, 78–85. The Report relatedly faults the City for not putting in place an effective compliance program, as the Court had ordered in 2023 in response to similar findings in the monitor's second annual report. *See id.* at 85–87. The Report therefore concludes with a series of recommendations aimed at assuring faithful and prompt execution of the City's compliance obligations. *See id.* at 89–95.

Based on the facts and analysis in the Report, the Court is inclined to adopt the Report's recommendations. These appear evidence-based, sensible, and proportionate.

Before deciding on whether and to what extent to do so, however, the Court seeks the City's input. The Court therefore directs the City, by Monday, April 14, 2025, to file a letter on the docket of this case (1) identifying any factual conclusions in the Report which the City disputes, and on what basis; and (2) identifying any recommendations in the Report which the City opposes, and if so, on what basis. The Court invites the monitor, by Thursday, April 17, 2025, to file a response.

The Court will hold an in-person on-the-record conference on Monday, April 21, 2025, at 10 a.m., in Courtroom 1305 of the Thurgood Marshall United States Courthouse, to take up any unresolved issues presented by the above submissions. The Court directs the monitor, lead counsel for the City, lead counsel for the plaintiffs, and Joshua Benson, Deputy Commissioner for Traffic Operations for the Department of Transportation, to attend.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: March 31, 2025
      New York, New York

3