THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., MICHAEL GOLFO, and CHRISTINA CURRY, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, ERIC ADAMS, *in his official capacity as Mayor of the City of New York*, and YDANIS RODRIGUEZ, *in his official capacity as Commissioner of the New York City Department of Transportation,*<br><br>*Defendants.* | Case No. 18 Civ. 5792 (PAE)<br><br>**ORDER** |

WHEREAS, the Remedial Order (Dkt. 208) requires the Independent Monitor to report to the Court with respect to the City's compliance with the Remedial Order and authorizes the Independent Monitor to recommend improvements in the implementation of the Remedial Order and corrective action to achieve compliance; and

WHEREAS, in his Third Annual Report (Dkt. 299), the Independent Monitor, in addition to finding that the City substantially exceeded its APS installation targets for 2024, also found that (1) the City installed APS in 2024 in a manner that did not comply with the MUTCD; and that (2) the City does not yet have an effective program in place to ensure such compliance; and

WHEREAS, the Independent Monitor made specific recommendations to improve the implementation of the Remedial Order and to achieve compliance; and

WHEREAS, having reviewed the Third Annual Report and considered input from the parties and the Independent Monitor, including at a conference held on May 21, 2025, the Court

finds that the recommendations made by the Independent Monitor are evidence-based, sensible, and proportionate.

THEREFORE, the Court orders as follows with respect to the Independent Monitor's recommendations:

1. <u>Recommendation 1</u>: APS Compliance Program Deadlines

A. The Remedial Order, as amended, requires the City to "promptly" establish and implement an effective APS compliance program. (Dkt. 281 at ¶ 2). To that end, and consistent with Recommendation 1 of the Independent Monitor (Dkt. 299 at 89–90), the City shall develop and adopt, by no later than September 30, 2025, the following written plans, policies, and procedures:

    (i) APS Compliance Plan. The City shall develop and adopt an APS Compliance Plan. The Plan should describe overall compliance program goals; establish target dates and deadlines; describe components of the program, including how each component relates to and serves program goals; identify key supervisory personnel; and describe the respective duties and responsibilities of such key personnel.

    (ii) APS Compliance Plan—Policies and Procedures. The City shall develop and adopt policies and procedures that address each of the four components of an effective APS compliance program identified by the Court in its May 15, 2024 order (Dkt. 281).

    (iii) APS Compliance Plan—Training Materials. The City shall develop and adopt a schedule, outline of topics, and training materials for compliance-related training of Department of Transportation ("DOT") personnel involved in the APS inspection process.

B.     Before finalizing and adopting the foregoing materials, the City shall provide draft materials to Plaintiffs and the Independent Monitor and solicit their input. The solicitation of input should occur sufficiently in advance of the September 30, 2025 deadline to allow Plaintiffs and the Independent Monitor a meaningful opportunity to provide such input prior to the deadline for adoption.

2.     Recommendation 2: Extension of Time to Complete APS Installations

A.     In his Third Annual Report, the Independent Monitor identified 35 intersections that were the subject of a public request for APS installation and that were due to be completed, but were not completed, by December 31, 2024. Dkt. 299 at 90–91. The Court accepts DOT's representation that these delays were occasioned mainly by competing projects and other impediments beyond the control of DOT. Accordingly, the Court grants the City, *nunc pro tunc*, an extension of time until December 31, 2025 to complete these APS installations. This extension shall also apply to any additional installations identified by the City on Exhibit A to the City's May 5, 2025 letter to the Court (Dkt. 307-1).

B.     If the City anticipates that, despite its best efforts, it will not be able to install APS at one or more of these intersections by the December 31, 2025 deadline, the City shall submit to the Court, reasonably in advance of that deadline, a letter explaining the reasons for the delay, accompanied by a proposed order further extending such deadlines as necessary.

3.     Recommendation 3: Establishment of Written Procedures and Criteria to Support Deviations from MUTCD Guidance

A.     The City is reminded that while the MUTCD permits deviation from MUTCD Guidance in the exercise of "engineering judgment," the MUTCD defines "engineering judgment" as an evaluation that involves "the application of procedures and criteria established by the engineer." MUTCD 1C.02(76). *See* Dkt. 281 at ¶ 1. Accordingly, the City may not deviate from

3

MUTCD Guidance with respect to APS placement and installation on grounds of "engineering judgment" absent the establishment of written "procedures and criteria established by the engineer." MUTCD 1C.02(76).

B. By September 30, 2025, the City shall establish written "procedures and criteria" to govern the exercise of "engineering judgment" to deviate from MUTCD Guidance with respect to APS placement (i) on the side of the crosswalk farthest from the center of the intersections (*see* MUTCD 4K.02(02) & 4I.05(04)(C)); (ii) along an accessible route from the push button to the ramp (*see* MUTCD 4I.05(04)(B)); and (iii) such that the APS is unobstructed and accessible within specified reach ranges (*see* MUTCD 4I.05(04)(A)). To allow adequate monitoring, the City should document the factors that informed the exercise of engineering judgment to justify such a deviation and should provide adequate information and data to the Independent Monitor so that such deviations can be monitored effectively.

4. Recommendations 4 and 5: In light of the agreement of the parties, as reflected in their submissions to this Court, and the City's good-faith commitments, as provided on the record during the May 21, 2025 conference, the Court finds that no further action by the Court is necessary at this time with respect to Recommendations 4 and 5 of the Independent Monitor's Third Annual Report.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 27, 2025
       New York, New York